IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CASPERS ICE CREAM, INC., a Utah Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE FATBOY COOKIE COMPANY, INC., a New Jersey Corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:12-CV-133<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

Caspers Ice Cream, Inc. ("Caspers") brings this action against Defendant The Fatboy Cookie Company, Inc. ("Fatboy Cookie") claiming trademark infringement and unfair competition. Plaintiff asserts that Defendant's use of its alleged mark is likely to cause confusion as to the origin of its products. Fatboy Cookie moves to dismiss on the basis that the court lacks personal jurisdiction. Caspers opposes the motion and moves to strike the Declaration of Joel Ansh, President of Fatboy Cookie, offered in support of Fatboy Cookie's motion to dismiss.

The court held a hearing on the motions on May 15, 2013 at which attorney Brett Davis represented Caspers and attorneys Michael Friscia and Dickson Burton represented Fatboy Cookie. At the hearing, the court DENIED Caspers' motion to strike and Caspers made a request for further limited discovery on the issue of jurisdiction which the court also DENIES.

The court finds that Plaintiff Caspers has not met its burden to show that Fatboy Cookie had either substantial and continuous contacts or such minimum contacts with Utah to exercise

general or specific personal jurisdiction and, therefore, the court GRANTS the motion to dismiss. The court also explains its denial of Caspers' motion to strike and Caspers' request for limited discovery.

## FACTUAL BACKGROUND

Caspers is a Utah-based business which sells ice cream nut sundaes on a stick, ice cream sandwiches, and a wide variety of other products. Caspers uses the mark "FAT BOY" to market its products.[1] Fatboy Cookie is a small one-employee New Jersey company that began operating in or around 2004 and offers cookie dough and clothing for sale through online and retail outlets using the names "The Fatboy Cookie Company" and "Fatboy's Outrageous Cookie Dough."[2]

### A.  Fatboy Cookie's Motion to Dismiss

In its complaint, Caspers alleges only that this court has personal jurisdiction over Fatboy Cookie "by virtue of its transacting and doing business in this state, conducting infringing activity in this state, and causing other tortious injury in this state."[3] No additional jurisdictional facts are pled. At oral argument, counsel for Caspers acknowledged that the allegation is conclusory and must be disregarded by the court.

In support of the motion to dismiss, Fatboy Cookie offers the declaration of Joel Ansh, who states that Fatboy Cookie has had almost no contact with the state of Utah, that it is not located or registered to do business in Utah, does not sell products in stores in Utah, has no property, bank accounts or other assets in Utah, has no employees, agents or representatives in Utah, and does not have any customers that are Utah residents. Caspers offers no evidence to contradict this testimony.

---

[1] *See e.g.,* Complaint at 2-3, ¶¶ 1, 7-8 [Dkt No. 2]; Declaration of Joel Ansh at 1, ¶ 2 [Dkt No. 12].
[2] *See Id.* at 2, 4, ¶¶ 2, 15.
[3] *Id.* at 2, ¶ 5.

Mr. Ansh states further that Fatboy Cookie's sole contact with the state of Utah was one order sent to Park City placed by an existing customer, a Pennsylvania resident, who was on a ski vacation in Utah.[4]  Mr. Ansh also states that, other than this contact, Fatboy Cookie has shipped no products to Utah, has not billed any customers and has not received any inquiries or other contacts from customers in Utah through its website, or by phone, fax, or e-mail.[5]  Mr. Ansh states that Fatboy Cookie does not direct any advertising or promotional efforts to Utah, does not mail any materials to Utah residents, does not direct any discounts, coupons, or other special deals to Utah residents, or direct any other activities to Utah residents in any way.[6]  He further states that shipping the frozen cookie dough by air, which would be required in order to ship to Utah, is prohibitively expensive.[7]

Caspers opposes Fatboy Cookie's Motion to Dismiss and offers in support the Declarations of Bliss Stinson,[8] a Utah resident, and Paul Merrill, Caspers' CEO.[9]  Caspers asserts that Fatboy Cookie has "sold and shipped multiple products to a Utah resident."[10]  Notwithstanding this broad assertion by Caspers, Ms. Stinson testified that she placed a single online order in October 2010 from Utah for six boxes of frozen cookie dough.[11]  Stinson further testified that Fatboy Cookie shipped her order to her home address in Sandy, Utah.[12]  Fatboy Cookie responded with evidence that Ms. Stinson is a legal assistant who works for the lawyers representing Caspers.  The order was placed as part of the preparation of the complaint.  At oral argument, Caspers' counsel acknowledged these facts and stated that Caspers does not rely upon

---

[4] *See id.* at 2, ¶ 4.
[5] *See id.*
[6] *See id.* at 3, ¶ 6.
[7] *See id.* at 2-3, ¶ 5.
[8] [Dkt No. 14].
[9] [Dkt No. 15].
[10] Caspers Opp. Memo., at 4 [Dkt No. 13].
[11] *See* Declaration of Bliss Stinson at 1-2, ¶ 2 [Dkt No. 14].

the order placed by Ms. Stinson as a basis for jurisdiction, but only as a challenge to the credibility of the Ansh Declaration.

Caspers argues that Fatboy Cookie is subject to both general and specific personal jurisdiction in this court because its activities include operating an online website on which it uses the disputed mark and that it promotes its products to consumers in Utah through the most popular social media websites including YouTube, Twitter, and Facebook.  Caspers posits that Fatboy Cookie's online activities cause injury to Caspers' rights in the State of Utah and thus personal jurisdiction exists over Fatboy Cookie in Utah and the court should deny its motion to dismiss.

In response to the Stinson Declaration, Fatboy Cookie submitted a second declaration by Joel Ansh[13] in which he explains that Fatboy Cookie has no electronic records of orders, that he keeps all orders in boxes, that he had forgotten the order to Ms. Stinson but has reviewed paper copies of all orders back to 2004 and, other than the Stinson order and the orders placed by the Pennsylvania resident, no orders have been shipped to Utah.  Mr. Ansh further explains that he did not intentionally conceal any information in his first declaration, but simply inadvertently failed to include one order for $83.70 that was shipped to Utah in 2010.  He states that the cost of shipping that order was $80.90.  He further broke down the percentage of orders shipped in 2012, noting that 67.5% were shipped to East Coast states, 6.7% were shipped to states bordering the East Coast states and 25.8% were shipped to other states.[14]  He expressly denies any other orders to Utah.[15]

---

[12] *See id.* at 2, ¶¶ 3-5.
[13] Ansh Second Decl., [Dkt No. 19].
[14] *See id.* at 3-4, ¶ 11.
[15] *See id.* at 3, ¶ 9.

## ANALYSIS

### I. STANDARD FOR MOTION TO DISMISS

When contested, the plaintiff has the burden of proving jurisdiction exists.[16] Where there has been no evidentiary hearing and the court considers the motion to dismiss on the basis of affidavits and other written materials, the plaintiff has the light burden of needing only to make a prima facie showing.[17] In determining whether such a showing exists, the court is to accept the allegations in the complaint as true and resolve all factual disputes in the plaintiff's favor.[18] Nevertheless, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.[19] Conclusory allegations are to be disregarded. The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if jurisdictional allegations are challenged by appropriate opposing evidence.[20]

### II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

#### A. General Personal Jurisdiction

"General personal jurisdiction permits a court to exercise power over a defendant without regard to the subject of the claim asserted. For such jurisdiction to exist, the defendant must be conducting substantial and continuous local activity in the forum state."[21] When determining whether a defendant's contacts with a forum state are sufficient to confer general jurisdiction, the Tenth Circuit considers four factors: "(1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a

---

[16] *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995).
[17] *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).
[18] *See Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).
[19] *See Wenz*, 55 F.3d at 1505.
[20] *See id.* at 1508-1509.
[21] *iAccess, Inc. v. WEBcard Techs., Inc.*, 182 F. Supp. 2d 1183, 1186 (D. Utah 2002).

5

regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings, or bank accounts; and (4) the volume of business conducted in the state by the corporation."[22]

Here, the uncontradicted evidence is that Fatboy Cookie has had only two contacts with the State of Utah since 2004 when it began operating as a business. One of those contacts came through two mail deliveries to a Pennsylvania resident visiting Utah on a ski vacation. The other was an order made at the request of Caspers' Utah attorney.

It is well accepted that "courts determining whether general jurisdiction exists have required much more than a single contact in the forum state."[23] The delivery of an order to the Pennsylvania resident on vacation cannot be characterized as a solicitation of business in the state, regularly sending agents into the state, or conducting business in the state. Even if each of those factors weighed in favor of jurisdiction, which they do not, the volume of business is so insignificant that it weighs strongly against a finding of jurisdiction. The only other order made and shipped to Utah was the order requested by Caspers' attorney through Bliss Stinson. Caspers concedes appropriately that this contact is not sufficient to establish jurisdiction in Utah.

Caspers asserts, however, that Fatboy Cookie's operating a website, a Twitter account, a Facebook page and a YouTube account are sufficient to create jurisdiction in Utah. Caspers argues that these online operations allow Fatboy Cookie to conduct business over the Internet within Utah and that this is sufficient contact to confer general jurisdiction over Fatboy Cookie in this court. Fatboy Cookie, however, does not direct its ads at Utah nor does it reach out and purposefully direct its activities or products to Utah. Although Utah residents can access its

---

[22] *Grynberg v. Ivanhoe Energy, Inc.*, 2012 U.S. App. LEXIS 14254 at *22 (10th Cir. July 12, 2012).
[23] *D.J.'s Rock Creek Marina v. Imperial Foam and Insulation Mfg. Co.*, 2003 U.S. Dist. LEXIS 1686 at *9 (D. Kan. Jan. 29, 2003) (finding general jurisdiction did not exist over third party

website and Fatboy Cookie states it will ship products anywhere, those facts are not sufficient to confer general jurisdiction.  The website is not directed specifically at Utah residents and the website does not qualify as substantial contact with Utah.  There is nothing on the site to suggest or induce purchases targeted to Utah residents and, in fact, Mr. Ansh testifies without contradiction that it is commercially prohibitive for Fatboy Cookie to ship orders to Utah residents.  The dough is frozen, requiring it to be packed in ice, and airfreight shipping costs are prohibitive.  Caspers offers no evidence that the Fatboy Cookie website or other online media have generated any business in Utah or even interest by Utah residents in Fatboy Cookie products.

Considering the four factors required to evaluate whether Fatboy Cookie conducts substantial and continuous local activity in Utah, Caspers does not offer facts to support the allegation that general personal jurisdiction exists in Utah over Fatboy Cookie.  The Defendant does not solicit business in the state through a local office or agents as its only office is in Fair Lawn, New Jersey.  It does not send agents into the state on a regular basis to solicit business as its only employee is Joel Ansh who resides and works in New Jersey.

The extent to which it could be said that it holds itself out as doing business in the state is insignificant even taking into account its website as it does not have advertisements or listings directed at Utah and has no bank accounts here.  The volume of business conducted in the state by Fatboy Cookie is also insignificant.  The facts that Caspers pleads in its complaint are conclusory allegations unsupported by facts and the court is required to completely ignore these allegations.  On the face of the facts offered in Caspers' complaint and declarations, there is no support for general personal jurisdiction in Utah.

---

defendant in forum state where defendant had only one customer in the state).

Caspers relies on *Zippo Manufacturing Co. v. Zippo DOT Com, Inc.*[24] to support its claim to jurisdiction. *Zippo* addressed specific jurisdiction, but Caspers relies on it primarily to argue for general jurisdiction. Caspers fails to meet the requirements under either. *Zippo* is often cited as a test to determine whether a website's level of interactivity is sufficient to create jurisdiction. The *Zippo* analysis balances the nature and quality of commercial activity conducted over the Internet.[25] "Although helpful, this district has found that the *Zippo* analysis, by itself, is incomplete."[26] In outlining its preferred analysis, the court has stated:

> Personal jurisdiction can easily be found where a defendant clearly does business over the Internet such as entering into contracts which require the knowing and repeated transfer of files over the Internet. On the other hand, a "passive" website that does nothing more than make information available cannot, by itself, form the basis of jurisdiction. In the middle ground lie "interactive" websites, where a user can exchange information with the host computer . . . The courts that have evaluated these middle-ground cases typically look for "something more" than a website's existence to find specific personal jurisdiction.[27]

Fatboy Cookie's website falls in this middle ground and Caspers fails to offer evidence of facts that would meet the requirement for "something more." The website may be evidence of a willingness by Fatboy Cookie to conduct business with out-of-state residents, but there is nothing to show that Fatboy Cookie intended to specifically attract business from Utah or that it intentionally and specifically directed its activities to Utah. There is not sufficient evidence to show the anticipation of an injury from Fatboy Cookie's contacts with Utah that would make it reasonable for Fatboy Cookie to expect to be haled into court in Utah based on its nearly non-existent contacts with this state. Plaintiff's contentions are notably weak as they are based on the interactive capability of Fatboy Cookie's website, which allowed one order to be made

---

[24] *Zippo Mfg. Co. v. Zippo DOT Com, Inc.,* 952. F. Supp. 1119 (W.D. Pa. 1997).
[25] *See id.* at 1124.
[26] *Robbins v. Flightstar, Inc.,* 2011 U.S. Dist. LEXIS 1839 at *9 (D. Utah Jan. 6, 2011) (internal citations omitted).
[27] *Sys. Designs, Inc. v. New CustomWare Co.,* 248 F. Supp. 2d 1093, 1100 (D. Utah 2003)

from Utah by the Plaintiff's attorney.   Without this one order by the Plaintiff's attorney, and even with it, the fact that Fatboy Cookie's website allows for interactive orders to be made is not enough to provide Utah jurisdiction over Fatboy Cookie in this case because Fatboy Cookie did not direct its activities toward Utah in any way.

Fatboy Cookie's connection with Utah via its website, along with the one order by Caspers' attorney, is random, fortuitous and attenuated and, the purchase, even if considered by the court, would be the result of Caspers' efforts to try to manufacture jurisdiction over Fatboy Cookie in this forum.   Fatboy Cookie's website's interactive capability is not sufficient contact with Utah to create general jurisdiction.

### B. Specific Personal Jurisdiction

"In contrast [to general jurisdiction], specific personal jurisdiction gives a court power over a defendant only with respect to claims arising out of the particular activities of the defendant in the forum state.   Specific personal jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable."[28]

The court's determination of specific jurisdiction involves a three-part inquiry: "(1) defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a nexus must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) the application of the Utah long-arm statute must satisfy the requirements of federal due process."[29]

"Utah's long-arm statute provides, in pertinent part, as follows: 'Any person . . . who in person or through an agent does any of the following enumerated acts, submits himself . . . to the

---

(internal citations and quotation marks omitted).
[28] *iAccess, Inc.* at 182 F. Supp. 2d at 1186 (internal citations omitted).
[29] *SIBU, LLC v. Bubbles, Inc.*, 2012 U.S. Dist. LEXIS 106834 at *5 (D. Utah July 30, 2012) (internal citations omitted).

jurisdiction of the courts of this state as to any claim arising out of or related to: (1) the transaction of any business within this state; (2) contracting to supply services or goods in this state; (3) the causing of any injury within this state whether tortious or by breach of warranty.'"[30]

The only Fatboy Cookie Utah orders Caspers has been able to identify do not meet the requirements necessary to show Fatboy Cookie is transacting business in Utah. Minimum contacts are established only if the defendant has "purposefully directed" its activities at the forum state and the litigation results from alleged injuries that "arise out of or relate to" those activities.[31] Caspers does not allege any specific injuries arising out of these orders and the evidence does not support that Fatboy Cookie purposefully availed itself of this jurisdiction's benefits. Therefore, specific personal jurisdiction does not exist over Fatboy Cookie in Utah.

### III. MOTION TO STRIKE

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[32] While this is true, it is also true that the Tenth Circuit has noted that the Federal Rules of Civil Procedure only contemplate "motions to strike unsigned papers under Rule 11, third-party claims under Rule 14(a), and certain matters in pleadings under Rule 12(f)."[33] Courts have repeatedly held that the Federal Rules of Civil Procedure do not contemplate motions to strike affidavits.[34] Under that rule, it is proper to deny Caspers' motion to strike.

---

[30] *Id.* at *5-6 (citing Utah Code Ann. § 78-27-24).
[31] *See id.* at *7.
[32] Fed. R. Civ. P. 56(c)(4).
[33] *Searcy v. Social Sec. Admin.*, 1992 U.S. App. LEXIS 3805 at *5 (10th Cir. Mar. 2, 1992).
[34] *See, e.g., Dawson v. City of Kent*, 682 F. Supp. 920, 922 (N.D. Ohio 1988) (refusing to strike affidavit because no applicable mechanism for motion to strike under Federal Rules of Civil Procedure); *EEOC v. Admiral Maintenance Serv., L.P.*, 174 F.R.D. 643, 645-46 (N.D. Ill. 1997) (finding motion to strike applies only to pleadings and denying motion to strike affidavit).

Nevertheless, the court determines that the motion should be treated as an evidentiary objection.[35] The objection, however, must be overruled. The only basis Caspers asserts for the objection is Federal Rules of Evidence 401, 402 and 403, which require that evidence be relevant. Caspers acknowledges the Ansh statements are relevant to the issue of jurisdiction, but argues they should be stricken because they are false and misleading.  Mr. Ansh, however, submitted his second declaration to correct and explain his misstatements in his first declaration.  His explanation appears reasonable in that he made the first declaration upon his memory and personal knowledge and, when he was made aware of the unintentional misstatement, he corrected it.

Caspers argues that the court should not admit the Ansh declarations because they contain false statements.  Caspers' argument, rather than being an objection to admissibility, really goes to credibility.  Evidence is admissible if relevant and then it is judged whether it is true or false and credible.  Citing to the Federal Rules of Evidence on relevance does not support a conclusion that an incorrect statement is inadmissible.  It is noteworthy that Caspers' counsel does not cite any authority to support its position.  A similar objection was raised in *Sara Lee Corp. v. Sycamore Family Bakery, Inc.*, where the defendants sought to preclude plaintiff from offering evidence that one of defendant's employees instructed other employees to steal plaintiff's bread racks.  Defendants argued that the testimony came from a disgruntled ex-employee and that it should be considered unreliable and not permitted.[36]  The *Sara Lee* court rejected the argument, recognizing that the defendant's arguments attacked the credibility, not the admissibility of the evidence.  Caspers' objection fails for the same reason here.

---

[35] *Cf.* Fed. R. Civ. P. 56(c)(2) and Advisory Note, 2010 Amendments.
[36] *See Sara Lee Corp. v. Sycamore Family Bakery, Inc.,* 2011 U.S. Dist. LEXIS 86966 at *14-15 (Dist. Utah Aug. 4, 2011).

Moreover, Stinson's declaration, which Caspers offers for the limited purpose of rebutting Ansh's declaration, is itself misleading. Ms. Stinson omits that she ordered the cookie dough at the direction of her boss, Caspers' attorney, and only for the purpose of preparing the complaint in this action. Although Mr. Ansh was mistaken when he said he had never received an order from Utah, there is no evidence that he willfully attempted to mislead the court. Mr. Ansh fully explains the mistake in his second declaration, adding credibility to Fatboy Cookie's position, while Caspers loses credibility by not fully disclosing the facts surrounding Ms. Stinson's order.

Considering that motions to strike have been disfavored by courts,[37] that Caspers' argument affects the credibility and not the admissibility of the declaration, and that motions to strike declarations have been denied where the declarants submitted new declarations to correct and clarify factual errors,[38] as Mr. Ansh has done here, the court overrules Caspers' objection, allows the Ansh declarations, and DENIES the motion to strike.

## REQUEST FOR LIMITED DISCOVERY

At oral argument, Caspers requested an opportunity for further limited discovery on the issue of personal jurisdiction. Specifically, Caspers requested it be allowed to investigate the particular statement made by Joel Ansh in his second declaration that "67.5% of [Fatboy Cookie's] Internet orders were shipped to states along the East Coast [naming 14 East Coast states], 6.7% of [Fatboy Cookie's] Internet orders were shipped to states bordering the East Coast [naming three states], and 25.8% were shipped to other states."[39] Caspers seeks discovery on

---

[37] *See Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("[S]triking a party's pleadings is an extreme measure, and, as a result, we have previously held that motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.") (internal citations and quotation marks omitted).

[38] *See Rexroat v. Ariz. Dep't of Educ.*, 2012 U.S. Dist. LEXIS 168415 at *10 (D. Ariz. Nov. 26, 2012) (Ruling that it was unnecessary to strike the declarations when party submitted new declarations to correct and clarify issues).

[39] Ansh Second Decl. at 3-4, ¶ 11 [Dkt No. 19].

12

which specific states are included in the 25.8% shipped to "other states." Caspers argues that because Fatboy Cookie left out the specific states included in the 25.8%, it is reasonable to believe Utah is one of them.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[40] A complaint does not suffice if it "tenders naked assertions devoid of further factual enhancement."[41] The doors of discovery are not unlocked for a plaintiff "armed with nothing more than conclusions."[42] The same principle dictates that a party seeking additional discovery in a challenge to jurisdiction must come forward with more than conclusory statements and speculation to subject the opposing party to the expense of discovery.

Caspers has failed to plead or otherwise provide the court with sufficient facts to subject Fatboy Cookie to further discovery. If Caspers had facts to support a claim for jurisdiction, it should have pled those additional facts in its complaint or at least provided them in opposition to the motion to dismiss. Additionally, Ansh's clarifying second declaration contains specific denials that, other than the two orders shipped to the Pennsylvania resident on vacation in Park City and the one shipped to Caspers' attorney, none of the 25.8% of Fatboy Cookie's orders shipped to "other states" were shipped to Utah. Ansh states that he and his wife manually reviewed in detail all of Fatboy Cookie's records, files, electronic entries and relevant e-mails dating back to 2004 and "[t]here were no other orders from Utah except for the order by [Caspers'

---

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).
[41] *Id.*

13

attorney]."[43]   Thus, the court must conclude that Ansh's statement that 25.8% of Fatboy Cookie's orders were shipped to "other states" does not include Utah.   Caspers has not presented the specific facts required under the principle articulated in *Iqbal* to overcome these specific denials or to support its allegations which, without the requisite specific facts, are merely inadequate and conclusory allegations.   Therefore, the court DENIES Caspers' request for further limited discovery.

## CONCLUSION

The Supreme Court has stated that "the quality and nature of an interstate transaction may sometimes be so random, fortuitous, or attenuated that it cannot fairly be said that the potential defendant should reasonably anticipate being haled into court in another jurisdiction."[44]   This describes Fatboy Cookie's association with Utah.   Through its website, Fatboy Cookie's advertisement of its products is accessible in every state and in most countries in the world.   The fact that the website is accessible in Utah is not a sufficient contact for Fatboy Cookie to anticipate it would be subject to suit in Utah.

Plaintiff has failed to show that Fatboy Cookie has substantial and continuous contacts with Utah or has made such minimum contacts with Utah in order to satisfy the court of its general or specific personal jurisdiction.   Defendant Fatboy Cookie's Motion to Dismiss is GRANTED.   Additionally, Plaintiff Caspers' Motion to Strike is DENIED because Ansh clarified and corrected any misstatements.   Caspers' request for limited discovery is also DENIED because Caspers has failed to meet the required pleading threshold.

---

[42] *Id.* at 678-79.
[43] Second Declaration of Joel Ansh at 3, ¶ 7 [Dkt No. 19].
[44] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985) (internal citations and quotation marks omitted).

DATED this 29th day of May, 2013.

                              BY THE COURT:

                              _____
                              Clark Waddoups
                              United States District Court Judge